IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CHARLES REDDEN, CHRISTOPHER** | § | |
| **BROOKS, BRAD KESSLER and** | § | |
| **REDDEN AND ASSOCIATES, INC.,** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. **3:09-CV-1380-L** |
| | § | |
| **SMITH & NEPHEW, INC.,** | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Motion to Dismiss, filed July 24, 2009. After consideration of the motion, response, briefs, record, reply, and applicable law, the court **denies in part without prejudice** Defendant's Motion to Dismiss. Additionally, the court **transfers** the breach of contract claim alleged in Count One of the complaint to the Western District of Tennessee, Memphis Division and further **orders** Plaintiffs to amend their remaining claims.

### I.    Factual and Procedural Background

Plaintiffs Charles Redden ("Redden"), Christopher Brooks ("Brooks"), Brad Kessler ("Kessler"), and Redden and Associates, Inc. (collectively, "Plaintiffs") originally filed this action in the 95th Judicial District Court, Dallas County, Texas on June 25, 2009. Defendant Smith & Nephew, Inc. ("S&N" or "Defendant") removed the action to this court on July 24, 2009, on grounds that diversity of citizenship existed between the parties and that the amount in controversy exceeded $75,000, exclusive of interest and costs. The court issued a mediation order on December 8, 2009; the parties are in the process of complying with that order.

**Memorandum Opinion and Order – Page 1**

Plaintiffs originally were independent contractor sales representatives of S&N, a company in the business of supplying medical instruments and products to orthopedic surgeons and hospitals. S&N terminated its business relationship with Plaintiffs on June 12, 2009, pursuant to their individual contracts.  Plaintiffs allege that they were wrongfully terminated and were placed into a "no win position" by S&N, a situation that allegedly required them to lie to S&N's compliance office about a night out on the town.  Specifically, Plaintiffs allege that one evening in April 2009, at S&N's coercive "request," they met a physician-client for drinks and took a subsequent excursion to a gentlemen's club. This evening allegedly sparked an investigation in S&N's compliance office to determine whether Plaintiffs had violated any S&N or AdvaMed policies.[*]  Plaintiffs allege that they were instructed by the president and vice president of S&N to deny anything that happened that evening.  Plaintiffs were allegedly fearful that their careers would be ended if they did not do as instructed, and were further concerned that anything they disclosed to S&N's compliance office would not be kept confidential. Following Plaintiffs' June 2009 termination, S&N officers and sales representatives allegedly spread false rumors about Plaintiffs to S&N competitors, in an effort to prevent them from finding a new job in the same field.

In this lawsuit, Plaintiffs bring four claims against Defendant: two claims for breach of contract, one claim for defamation, and one claim for breach of fiduciary duty.  S&N moves to dismiss all claims under Rule 12(b)(3) and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

---

[*]AdvaMed, short for Advanced Medical Technology Association, is a trade association that represents medical device manufacturers, makers of medical equipment, medical software and supplies, and medical technology.  Plaintiffs allege that S&N entered into a Deferred Prosecution Agreement in 2007 with the United States because of numerous violations of unfair competition laws.  This agreement allegedly required S&N to follow AdvaMed guidelines for physician contact, enact its own policies, and police itself.  S&N was allegedly released from this agreement in March 2009.

**Memorandum Opinion and Order – Page 2**

## II.   Standard for Rule 12(b)(6) - Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).  A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal citations omitted).  While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted).  The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.*  (quotation marks, citations, and footnote omitted).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff.  *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  In ruling on such a motion, the court cannot look beyond the pleadings.  *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000).  The pleadings include the complaint and any documents attached to it.  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496,

498-99 (5th Cir. 2000).  Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'"  *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff.  *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002).  While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 129 S.Ct. at 1950 (citation omitted).  Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted).  The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim.  *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

## III.  Analysis

### A.    Breach of Contract Claims

Plaintiffs bring two breach of contract claims against Defendant.  From the court's reading and understanding of the complaint, the first breach of contract claim appears to be brought only by Brooks and Kessler (as it concerns their individual contracts), and the second breach of contract claim appears to be brought only by Redden (as it concerns his individual contract).  Accordingly, the court will treat Count One as a claim brought only by Brooks and Kessler and will treat Count Two as a claim brought only by Redden.  The court will analyze each count separately.

### 1.    Count One - Brooks's and Kessler's Breach of Contract Claim

Brooks and Kessler allege that S&N has failed to properly pay them under their contractual agreements for the past year and a half.  In its motion to dismiss, S&N establishes that Brooks's and Kessler's contracts contain a forum selection clause that, for all claims arising from their contracts, vests exclusive jurisdiction and venue in the state and federal courts of Tennessee.  Accordingly, S&N contends that venue is improper in this court under Rule 12(b)(3).  Brooks and Kessler argue that the forum selection clauses do not apply, making venue in this court proper, because their contracts are no longer enforceable (due to S&N's alleged breach).  Alternatively, Brooks and Kessler argue that the forum selection clauses are unreasonable, unfair, and unjust.

The Fifth Circuit has squarely held that the enforceability of a forum selection clause is a question of law and that such clauses are presumptively valid.  *See Mitsui & Co. (USA), Inc. v. Mira M/V*, 111 F.3d 33, 35 (5th Cir. 1997).  The party resisting the forum selection clause must show that the clause is "unreasonable" before a court may decline to enforce the clause.  *Marinechance Shipping, Ltd. v. Sebastian*, 143 F.3d 216, 220 (5th Cir. 1998).  Unreasonableness may be demonstrated by "a showing that the clause results from fraud or overreaching, that it violates a strong public policy, or that enforcement of the clause deprives the [party resisting the clause] of his day in court." *Afram Carriers, Inc. v. Moeykens*, 145 F.3d 298, 301 (5th Cir. 1998) (quoting *Mitsui & Co.*, 111 F.3d at 35).  "The party resisting enforcement on these grounds bears a 'heavy burden of proof.'" *Haynsworth v. The Corporation*, 121 F.3d 956, 963 (5th Cir. 1997) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 17 (1972)).

As to Brooks's and Kessler's first argument, that the forum selection clause is invalid because of S&N's alleged contractual breach, the court is unpersuaded.  To maintain a claim for

breach of contract in Texas, a plaintiff must first establish the existence of a valid contract.  *See Smith Int'l, Inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007).  Given that Brooks and Kessler have brought a breach of contract claim, the court presumes that they concede that their contracts are valid.  At the least, the court presumes that Brooks and Kessler concede that their contracts *were* valid when they agreed to the contract terms, including the forum selection clauses. Notably, their contracts do not contain a provision that, in the event of a breach, relieves the nonbreaching party of its obligation to file suit only in the forum designated.  In other words, Brooks and Kessler have not adequately shown why S&N's alleged breach vitiates their contractual obligation to file suit in a Tennessee forum.  Even if the court were to determine that the entirety of their contracts, including the forum selection clauses, were invalidated by a contractual breach, the court would have to determine that such breach actually occurred.  It would be impossible for the court to determine breach at this stage of the proceedings, as it lacks competent evidence to do so. Further, in light of Brooks's and Kessler's inadequate showing as to why the forum selection clauses were invalidated by S&N's alleged breach, the court will not entertain such evidence now.

As to Brooks's and Kessler's second argument, that the forum selection clauses are unreasonable, unfair, and unjust, the court is again unpersuaded.  Brooks and Kessler have failed to meet the "heavy burden" insofar as establishing that the forum selection clauses are unreasonable and should not be enforced.  Brooks and Kessler, in sworn statements, contend that a Tennessee forum would be inconvenient and financially burdensome, and state that as many as thirty-three of their purported witnesses reside within the Northern District of Texas.  The law of both the Texas Supreme Court and the Fifth Circuit, however, does not support invalidating a forum selection clause on the grounds raised by such arguments.

Brooks and Kessler could have foreseen litigation in Tennessee for claims arising out of their contracts with Defendant, and Tennessee is not a "remote alien forum" for the purposes of forum selection agreements.  *See In re Int'l Profit Assocs., Inc.*, 274 S.W.3d 672, 679 (Tex. 2009) (discussing *In re AIU Ins. Co.*, 148 S.W.3d 109 (Tex. 2004)).  Both Brooks and Kessler state in their affidavits that they "did not agree with [the forum selection clause] but [were] led to believe that [they] could not change the terms of the [contract] without having [their job offer] withdrawn." Pls.' App. 24-25 ¶ 7, 43 ¶ 8.  This goes to the essence of contract negotiation.  It is clear to the court that S&N placed a high value on having a forum selection clause in the contracts with Brooks and Kessler; the existence of such a clause was an integral component to reaching an agreement.  Brooks and Kessler, by their own admission, were aware of the significance of the clause and understood what it meant.  Although they had concerns that they would not receive a job if they did not agree to the clause, their actions in ultimately signing the contract indicate that obtaining the job was worth whatever amount of inconvenience that the clause might later produce.

There is no indication that S&N was overreaching or that the bargaining power between the parties was unequal—refusing to agree to a forum selection clause would not have precluded Brooks and Kessler from seeking out another job opportunity with a different entity.  While litigation in Tennessee will be inconvenient for Brooks and Kessler, litigation would be equally inconvenient for S&N in Texas because S&N is a foreign corporation whose headquarters and principal place of business are located in Memphis, Tennessee.  The "David versus Goliath argument is not persuasive." *International Software Sys., Inc. v. Amplicon*, 77 F.3d 112, 116 (5th Cir. 1996).  Further, there is no suggestion that Brooks and Kessler could not obtain relief on their breach of contract claim in a Tennessee court.  Although more burdensome, being required to litigate their

breach of contract claim in Tennessee would not deprive them of their day in court, especially considering that Plaintiffs have brought additional claims in this lawsuit that are not rooted in the contracts containing the forum selection clauses.  Therefore, notwithstanding the court's ruling as to Count One, Plaintiffs' remaining claims will not be dismissed or transferred for improper venue. Moreover, the court determines that no public policy would be violated in enforcing the forum selection clauses, as such policy considerations weigh in favor of enforcement.  *See In re Int'l Profit Assocs.*, 274 S.W.3d at 680.  Brooks and Kessler further contend that their breach of contract claim does not arise from their individual contracts, rendering the forum selection clauses inapplicable. The court disagrees.  Their contention that a breach of *contract* claim does not arise from a contract is meritless.  Accordingly, venue is improper under Rule 12(b)(3).

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  Because of the controlling forum selection clause in both Brooks's and Kessler's contracts, venue anywhere outside of Tennessee is improper.  The court determines that a venue transfer is appropriate for this claim in the interest of justice.  If the court were to dismiss this claim outright, Brooks and Kessler would have to refile in Tennessee and could potentially encounter a statute of limitations problem; the court will save them that step.  In the interest of justice, the court transfers this claim to the United States District Court for the Western District of Tennessee, Memphis Division, pursuant to 28 U.S.C. § 1406(a).

### 2.    Count Two - Redden's Breach of Contract Claim

Redden alleges that his contract is unenforceable, particularly with respect to the noncompete provision.  He does not allege that his contract was breached, nor does he reference a particular

provision of his contract other than the noncompete clause. The court finds the nature of Redden's breach of contract claim perplexing and cannot understand exactly what sort of "breach" Redden is alleging. Stated simply, count two falls well short of the notice requirement of Rule 8, requiring a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Because Plaintiffs requested leave to amend their complaint to cure deficiencies in response Defendant's Motion to Dismiss, the court accordingly orders Redden to replead his breach of contract claim to comply with the Rule 8 standard.

### B.    Defamation Claim

Plaintiffs bring a defamation claim, alleging that S&N's officers and agents published false statements of fact that referred to Plaintiffs and disparaged Plaintiffs' business. The complaint recites the necessary elements to bring forth a defamation claim, but is silent as to specific facts regarding the alleged defamatory "statements." Plaintiffs use vague descriptions, contending that Defendant "spread false rumors" and "has blamed and continues to blame Plaintiffs" for mistakes. Plaintiffs have not specified what these statements were or to whom these statements were made. *See Ameen v. Merck & Co.*, 226 F. App'x 363, 370 (requiring that a plaintiff must identify the alleged defamatory statement and the speaker to recover on a defamation claim). The court accordingly determines that Plaintiffs have fallen short of the Rule 8 notice standard of a "short and plain statement of the claim." Plaintiffs are ordered to replead their defamation claim with greater specificity to comply with Rule 8.

### C.    Breach of Fiduciary Duty Claim

Plaintiffs bring a claim for breach of fiduciary duty, alleging that they had a fiduciary relationship with S&N through S&N's president, a relationship which was breached by S&N. In

support of this relationship's existence, Plaintiffs seem to rely on the "request" allegedly made by S&N's president to attend a compromised situation.  In their response to Defendant's Motion to Dismiss, Plaintiffs contend that this "request" inferred that S&N's president would take responsibility for the night's actions, creating an informal fiduciary relationship that was breached when he later went on to instruct Plaintiffs to deny that anything happened that night.

Texas law recognizes informal fiduciary relationships where one person trusts in and relies upon another, whether the relationship is "moral, social, domestic, or purely personal."  *Meyer v. Cathey*, 167 S.W.3d 327, 331 (Tex. 2005) (citations omitted).  Although the court does not dispute that Plaintiffs may have trusted S&N's president, the court does not believe that Plaintiffs have pled sufficient facts to establish a moral, social, domestic, or purely personal relationship with S&N's president.  Even if such a relationship did exist, the court cannot determine that the "request" on the night in question amounted to a promise or a guarantee on the part of S&N's president that he would take full responsibility for the night's actions.  Absent more substance to Plaintiffs' factual allegations, the court is inclined to dismiss the breach of fiduciary duty claim.  The court will, however, afford Plaintiffs an opportunity to replead their breach of fiduciary duty claim with greater specificity in setting forth the basis of the claim.  In the claim's current incarnation, the court finds it confusing and deficient insofar as providing adequate notice to S&N under Rule 8.  Accordingly, the court orders Plaintiffs to replead their breach of fiduciary duty claim.

**IV.    Conclusion**

For the reasons stated herein, the court determines that, as to Brooks's and Kessler's breach of contract claim (Count One), venue is improper.  Rather than dismiss the claim, the court elects to transfer the claim to a division and district where venue is proper pursuant to 28 U.S.C. § 1406(a).

**Memorandum Opinion and Order – Page 10**

Accordingly, the court **transfers** that breach of contract claim (Count One) to the United States District Court for the Western District of Tennessee, Memphis Division.  To effect this transfer, the clerk of the court shall **sever** Count One, **assign** it a new case number, and **transfer** it to the venue previously stated.

In all other respects, Defendant's Motion to Dismiss is **denied without prejudice**.  Redden is hereby **ordered** to replead his breach of contract claim (Count Two); and Plaintiffs are hereby **ordered** to replead their defamation claim (Count Three) and their breach of fiduciary duty claim (Count Four) with greater specificity to comply with the notice standard of Rule 8 and the standard herein set forth by **February 5, 2010, 5:00 p.m.**  *If those claims are not repleaded by the deadline provided, the court will dismiss them with prejudice.*

**It is so ordered** this 19th day of January, 2010.

Sam A. Lindsay
United States District Judge